Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Whittaker, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Midland Credit Management, Inc. and Midland Funding, LLC, | |
| Defendants. | |

## NATURE OF ACTION

1.     Plaintiff Kathleen Whittaker ("Plaintiff") brings this action against Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland Funding") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.     "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.     "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not

provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)."  *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

7.      "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations."  *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

8.       "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition."  *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**THE FAIR DEBT COLLECTION PRACTICES ACT**

9.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

10.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

11.     Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

12.     In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

13.     Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

14.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

15.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing

debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

16.     Plaintiff is a natural person who at all relevant times resided in the State of County of Maricopa, and City of Chandler Heights.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18.     MCM is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19.     MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.     Midland Funding is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

21.     Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

22.     Plaintiff is a natural person allegedly obligated to pay a debt.

23.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Wells Fargo account (the "Debt").

24.    MCM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debt.

25.    MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26.    Midland Funding directly or indirectly uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debt.

27.    Midland Funding acquired Plaintiff's Debt after it was in default.

28.    On February 20, 2014, Midland Funding filed a lawsuit in the San Tan Justice Court in the Court of Maricopa, and the State of Arizona.

29.    Plaintiff and Midland Funding made an agreement to a stipulated judgment and a conditional agreement not to execute the judgment.

30.    A true and correct copy of the agreement to stipulated judgment and conditional agreement not to execute is attached as Exhibit A.

31.    Plaintiff and Midland Funding agreed that:

The account balance is to be paid as follows: monthly payments of $150.00 will be due beginning September 25, 2014 and continuing on the 25th day of each consecutive month thereafter, until the settlement amount of $5000.00, is paid in full.

Exhibit A.

32.     On October 5, 2014, the judgment was entered.

33.     A true and correct copy of the judgment is attached as Exhibit B.

34.     The judgment stated:

IT IS HEREBY ORDERED granting judgment in favor of the Plaintiff and against Defendant for the principal amount of $9252.90 plus courts costs in the amount of $191.00 for a total judgment amount of $9,443.90. Defendant shall pay this judgment pursuant to the terms contained in the parties' Agreement to Stipulated and Conditional Agreement Not to Execute.

Exhibit B.

35.     In accordance with the agreement to stipulated judgment and conditional agreement not to execute, Plaintiff made timely payments to Midland Funding starting in September 2014.

36.     On January 16, 2017, MCM, itself and on behalf of Midland Funding, sent Plaintiff a letter in connection with the collection of the Debt.

37.     A true and correct copy of MCM's January 16, 2017 letter is attached to this complaint as Exhibit C.

38.     At the time MCM sent its January 16, 2017 letter, Plaintiff had made 26 payments of $150.00 to Midland Funding, totaling $3,900.00.

39.     At the time MCM sent its January 16, 2017 letter, Plaintiff had $1,100.00 remaining on the agreed payment amount for the Debt.

40.     MCM's January 16, 2017 letter states that Plaintiff had only paid $3,123.84 on the Debt.

41.     MCM's January 16, 2017 letter states that the current balance of the Debt is $8,457.92.

42.     Plaintiff continued making timely payments until July 2017 in accordance with the agreement to stipulated judgment and conditional agreement not to execute.

43.     As of July 2017, Plaintiff made 35 payments of $150.00 to Midland Funding, totaling $5,250.00.

44.     As of July 2017, Plaintiff had overpaid Midland Funding by $250.00 than called for in the agreement to stipulated judgment and conditional agreement not to execute.

45.     On September 13, 2017, Plaintiff contacted Defendants and spoke with a representative of MCM or Midland Funding.

46.     Defendants' representative assured Plaintiff that she would receive a refund for her overpaid amount of $250.00.

47.     During the September 13, 2017 conversation, Defendants' representative told Plaintiff that the refund may take ten to fourteen days.

48.     After fourteen days had passed, Plaintiff did not receive her refund of $250.00 from MCM or Midland Funding.

49.     Plaintiff subsequently called MCM or Midland Funding four additional times in effort to discuss and receive her refund of $250.00.

50.     During these four additional calls, MCM or Midland Funding did not answer.

51.     During these four additional calls, Plaintiff left a voicemail message.

52.     Neither MCM nor Midland Funding have returned Plaintiff's calls.

53.     To date, Plaintiff has not received her refund of $250.00 from MCM or Midland Funding.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**MCM**

54.     Plaintiff repeats and re-alleges each factual allegation above.

55.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.  *See Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

56.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

57.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

58.     MCM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including in its January 16, 2017 letter and by collecting and retaining more payments from Plaintiff than agreed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that MCM violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(2)(B)
### MCM

59.     Plaintiff repeats and re-alleges each factual allegation above.

60.     Within this broad prohibition, the FDCPA specifically forbids the "false representation of—any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B); *see West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983) (holding that defendants violated § 1692e(2)(B) because "there was no legal basis for imposing the service charges. Therefore the service charges were compensation which cannot be 'legally received'").

61.   MCM violated 15 U.S.C. § 1692e(2)(B) by falsely representing compensation which may be lawfully received by Defendant for collection of Plaintiff's Debt, including by collecting and failing to return more money than agreed in a binding agreement before a court of competent jurisdiction.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that MCM violated 15 U.S.C. § 1692e(2)(B);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**MCM**

62.   Plaintiff repeats and re-alleges each factual allegation above.

63.   Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. § 1692e(10).

64.     MCM violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that MCM violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f
## MCM

65.     Plaintiff repeats and re-alleges each factual allegation above.

66.     The FDCPA also prohibits the use of unfair or unconscionable means to collect debts.  *See* 15 U.S.C. § 1692f.

67.     In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically."  *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

68.    As an example of unfair and unconscionable conduct, the FDCPA also specifically prohibits the collection of any amount from a consumer, unless such collection is expressly authorized by agreement or law.  15 U.S.C. § 1692f(1).

69.    MCM violated 15 U.S.C. §§ 1692f and 1692f(1) by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including taking more money from Plaintiff than agreed under the stipulated judgment and by failing to promptly return the overpayment, thus depriving Plaintiff of the rightful use of those funds for months.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that MCM violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## Midland Funding

70.    Plaintiff repeats and re-alleges each factual allegation above.

71.     MCM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

72.     Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Midland Funding violated 15 U.S.C. § 1692e(2)(A);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692e(2)(B)**
**Midland Funding**

73.     Plaintiff repeats and re-alleges each factual allegation above.

74.     MCM violated 15 U.S.C. § 1692e(2)(B) by falsely representing compensation which may be lawfully received by Defendant for collection of Plaintiff's alleged debt.

75.     Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(2)(B);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(10)
## Midland Funding

76.     Plaintiff repeats and re-alleges each factual allegation above.

77.     MCM violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

78.     Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Midland Funding violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT VIII**
**VIOLATION OF 15 U.S.C. § 1692f**
**Midland Funding**

79.   Plaintiff repeats and re-alleges each factual allegation contained above.

80.   MCM violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

81.   Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Midland Funding violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

82.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 16, 2018

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff